IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2016

**STATE OF TENNESSEE v. KENNETH GAINES**

**Appeal from the Criminal Court for Shelby County**
**No. 98-02267, 98-02268, 98-02270    James M. Lammey, Jr., Judge**
_____

**No. W2016-01262-CCA-R3-CD  -  Filed February 23, 2017**
_____

The Petitioner, Kenneth Gaines, appeals the Shelby County Criminal Court's summary denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Because the motion failed to state a colorable claim for relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND J. ROSS DYER, JJ., joined.

Kenneth Gaines, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen C. Baity, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On February 29, 2000, the Petitioner entered an Alford or "best interest" plea to one count of second degree murder and two counts of especially aggravated kidnapping. See North Carolina v. Alford, 400 U.S. 25, 37 (1970). Pursuant to the plea agreement, the trial court sentenced the Petitioner as a violent offender with one hundred percent release eligibility to a twenty-five-year sentence for the second degree murder conviction and to two twenty-year sentences for the especially aggravated kidnapping convictions. The court then ordered the two kidnapping sentences served concurrently and the murder sentence served consecutively to those sentences, for an effective sentence of forty-five years.

On April 20, 2016, more than sixteen years after entering his plea, the Petitioner filed a pro se motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1 and to correct a clerical error under Tennessee Rule of Criminal Procedure 36. In this motion, the Petitioner alleged that his sentences were illegal because the trial court ordered the sentence for his murder conviction served consecutively to the sentences for his two kidnapping convictions without finding one or more of the statutory criteria set forth in Tennessee Code Annotated section 40-35-115(b).

On April 28, 2016, the trial court entered an order summarily denying the motion. In it, the trial court interpreted the Petitioner's motion as alleging that his sentence was illegal because the trial court ordered the kidnapping sentences served concurrently to one another, rather than consecutively. The court, noting that Petitioner had not alleged that these sentences were required to be served consecutively pursuant to Tennessee Rule of Criminal Procedure 32(c)(3), denied the motion for failure to state a colorable claim. The Petitioner, still proceeding pro se, filed a timely appeal from this order.

## ANALYSIS

On appeal, the Petitioner argues that the trial court erred in dismissing his motion and reiterates his claim that his sentences are illegal because the trial court imposed a partially consecutive sentence without finding one or more of the statutory criteria set forth in Tennessee Code Annotated section 40-35-115(b). The State responds that the Petitioner failed to present a colorable claim for relief under Rule 36.1. We agree with the State.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may seek to correct an illegal sentence." Tenn. R. Crim. P. 36.1(a)(1). "[A] motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires." Id. "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the unexpired sentence is illegal." Tenn. R. Crim. P. 36.1(b)(3); see State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, which this court reviews de novo. Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

In State v. Wooden, the Tennessee Supreme Court recognized that "mistakes in sentencing are inevitable, but few sentencing errors render sentences illegal." Id. at 595 (citing Cantrell v. Easterling, 346 S.W.3d 445, 448-49 (Tenn. 2011)). The court held that sentencing errors could be divided into three categories—clerical errors, appealable errors, and fatal errors. Id. The court emphasized that only fatal errors are "'so profound as to render the sentence illegal and void.'" Id. (quoting Cantrell, 346 S.W.3d at 452). This category consists of sentences not authorized by the applicable statutes or sentences that directly contravene an applicable statute. Id. (citing Tenn. R. Crim. P. 36.1(a)(2); Cantrell, 346 S.W.3d at 452). Included in the category of fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. (citing Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010). On the other hand, appealable errors, which consist of those errors for which the Sentencing Act provides a right of direct appeal, include errors "'akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction,' such as claims that the record does not support the trial court's factual findings regarding sentencing." Id. (quoting Cantrell, 346 S.W.3d at 450-52). The court added that "[c]laims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." Id. (citing Cantrell, 346 S.W.3d at 450-51; State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014)).

Taking the Petitioner's claims as true, and viewing them in the light most favorable to him, we conclude that he has failed to present a colorable claim for correction of an illegal sentence. The Petitioner alleges that his sentences are illegal because the trial court imposed a partially consecutive sentence without finding one or more of the statutory criteria set forth in Code section 40-35-115(b). A trial court's decision to impose consecutive sentencing is an appealable error that must be challenged on direct appeal and does not render the sentence illegal under Rule 36.1. Id.; Cantrell, 346 S.W.3d at 449-51. Tennessee Code Annotated section 40-35-115 specifically provides that a trial court's findings regarding consecutive sentencing are reviewable on appeal. T.C.A. § 40-35-115(c). The trial court's alleged failure to follow the statutory procedure in imposing consecutive sentencing, which falls squarely within the category of appealable error, did not deprive it of the statutory authority to impose a valid consecutive sentence. See Wooden, 478 S.W.3d at 595-96 (citing Cantrell, 346 S.W.3d at 451); cf. Pete C. Jenkins v. State, No. M2011-02240-CCA-R3-HC, 2012 WL 4572717, at *2 (Tenn. Crim. App. Oct. 1, 2012). In this case, the Petitioner does not claim that the trial court did not have the statutory authority to order the sentence for his second degree

murder conviction served consecutively to the sentences for the especially aggravated kidnapping convictions. The Petitioner has not shown that the sentences imposed by the trial court were not authorized by statute or directly contravened an applicable statute. Because the Petitioner has failed to state a colorable claim that his sentences are illegal, we affirm the trial court's summary dismissal of the motion.

## CONCLUSION

Based on the aforementioned authorities and reasoning, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE